UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WESTROCK COMPANY and VICTORY PACKAGING, LP,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS DILLON and CDS MOVING EQUIPMENT, INC.,<br><br>Defendants. | Case No. 21-CV-05388<br><br>Judge John Robert Blakey |

**FINAL INJUNCTION ENTERED ON CONSENT**

This matter comes before the Court by agreement of Plaintiffs/Counter-Defendants WestRock Company ("WestRock") and Victory Packaging, LP ("Victory") (collectively "Plaintiffs"), Defendants/Counter-Plaintiffs CDS Moving Equipment, Inc. ("CDS") and Thomas Dillon ("Dillon"), and Counter-Plaintiff Christopher Vogt ("Vogt") for entry of a Final Injunction Entered on Consent (the "Final Injunction"). Having found that there is good cause for this order, and finding further that the Parties have each stipulated and agreed to the relief set forth herein, including the Court's continuing jurisdiction to enforce its terms, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Dillon, CDS, and Vogt are enjoined from possessing, retaining, disclosing, or using any of Plaintiffs' Electronically Stored Information ("Plaintiffs' ESI"), which is defined as: (i) documents originating from the WestRock Parties that Mr. Dillon retained, transferred, or obtained on or before May 1, 2021; (ii) documents

originating from the WestRock Parties that Mr. Vogt retained, transferred, or obtained on or before August 1, 2021; or (iii) documents in the possession of the CDS Parties that transcribe or excerpt in whole or substantial part the contents of the foregoing; provided that Plaintiffs' ESI does not include any document that the WestRock Parties made available to the general public. Notwithstanding the foregoing, Dillon, CDS, and Vogt will not be deemed to be in violation of this Final Injunction on account of any temporary continued possession or retention of Plaintiffs' ESI while the data remediation process is completed under the terms of the parties' settlement agreement, provided that, this paragraph does not authorize disclosing or using such temporarily retained Plaintiffs' ESI.

2. The reasons for this Final Injunction include the following:

    a. Dillon and Vogt are former employees of Victory, which is owned by WestRock. Dillon and Vogt left Victory employment and joined competitor CDS;

    b. CDS, Dillon, and Vogt may be in possession of Plaintiffs' ESI, which Plaintiffs maintain contains trade secrets and/or confidential information belonging to them.

3. This Final Injunction binds Dillon, Vogt, CDS, and their officers, agents, servants, and employees.

4. By entry of this Final Injunction, this Court hereby dissolves the Court's Preliminary Injunction [123].

5. By the consent of the parties, the Court shall retain jurisdiction solely for the purpose of enforcing the terms of this Final Injunction.

6. This Final Injunction shall expire five (5) years from its entry.

7. Each party shall bear its own costs and expenses.

8. Except as necessary to enter and enforce the terms of this Final Injunction, this case, along with any claims that were asserted or could have been asserted by the Parties to this action against the other, is hereby dismissed with prejudice.

Dated: November 23, 2022

Entered:

_____
John Robert Blakey
United States District Judge